UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Wuchko,

    Plaintiff,

v.

Charles Storlie and
City of Minneapolis,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-1236 (MJD/AJB)

_____

This matter is before the Court upon Defendant Charles Storlie's motion for summary judgment.

**Factual Background**

In the early morning of May 30, 2003, Plaintiff and a passenger were driving in a car in Minneapolis when the car was pulled over by Minneapolis Police Officers Charles Storlie and McBride. The stop was initiated based on reports that the car was stolen. (Declaration of Scott Swanson, Ex. 10 (Statement of Charles Storlie, p.2).) Plaintiff asserts that he stopped the car and he and his passenger were immediately ordered to get out of the car and to put their hands up. (Affidavit of Pierre Regnier, Ex. A (Wuchko Dep. 49-50).) Plaintiff claims that

1

he turned the motor off and then threw the keys out the window. (Id. 50-51.) He then got out of the car, and was ordered face down on the ground. (Id. 51.) Plaintiff asserts that he immediately complied. (Id.) Plaintiff testified that after he laid down on the ground, with his arms spread out, he felt two or three kicks to the back of his head and his upper body. (Id. 52.) One of his teeth was broken from one of the kicks. (Id. at 56.) Plaintiff testified that the person who kicked him stated that he needed to "learn to get down faster." (Id. at 53.)

In his police report, Officer Storlie wrote that once the car was stopped, he pointed his gun at Plaintiff and told him to get out of the car. (Swanson Decl., Ex. 11.) He further reported that he believed Plaintiff was either going to get back in the car and take off or run away on foot. To prevent flight, Storlie reported that he "attempted to kick him in the chest. He moved back slightly and my foot caught him in the upper chest and face." (Id.) Storlie also wrote that after he kicked Plaintiff, he was able to handcuff him without incident. (Id.)

Plaintiff testified that after he was handcuffed, Storlie had bent him, or slammed him, over the car and was frisking him. (Regnier Aff., Ex. A (Wuchko Dep. at 55, 59.) He was then placed in the back of the squad car, at which time Storlie is alleged to attempted to clean blood off Plaintiff's chin and lip. When

Plaintiff winced from the pain, he asserts that Storlie punched him in the eye three times. (Id. at 63.) Plaintiff was then transported to the Hennepin County Medical Center by the police officers. (Id. at 72.; Swanson Decl., Ex. 8.)

As a result of Storlie's actions, Plaintiff asserts he suffered a broken tooth, cuts and scratches to his face, scars from stitches, emotional distress, anxiety attacks, headaches, increased drinking, feelings of nervousness and nausea when seeing a police officer. (Regnier Aff., Ex. A (Wuchko Dep. at 81-85).)

**Complaint**

In his Complaint, Plaintiff asserted four causes of action: Count 1 - an excessive force claim against Storlie; Count 2 - a Monell claim against the City of Minneapolis; Count 3 - negligence claim against the City of Minneapolis; and Count 4 - Negligent Infliction of Emotional Distress based on Storlie's actions.

Both the City of Minneapolis and Storlie moved for summary judgment as to all claims asserted against them. In response, Plaintiff stipulated to dismiss the claims against the City of Minneapolis, and in opposition to Storlie's motion, Plaintiff agreed to dismiss the negligent infliction of emotional distress claim in Count 4. Consequently, the only claim remaining is the excessive force claim

against Storlie.[1]

**Standard for Summary Judgment**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. This burden can be met "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

**Analysis**

A claim that law enforcement officers used excessive force is analyzed

---

[1] Since argument on this motion, Plaintiff moved to amend his complaint to add that Storlie was being sued in his individual capacity. The Magistrate Judge granted the motion and Storlie appealed. This Court has affirmed the motion to amend to allow Plaintiff to sue Storlie in his individual capacity.

under the Fourth Amendment and its reasonableness standard. Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1081-82 (8th Cir. 199) (quoting Graham v. Connor, 490 U.S. 386 (1989)). The actions of law enforcement are to be judged from the perspective of a reasonable officer at the scene of the arrest, and whether the totality of the circumstances justifies the use of the force used. Id.

> Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment."

Id.

Storlie argues he is entitled to summary judgment as there are no genuine issues of material fact that Storlie used excessive force against Plaintiff. Storlie asserts the claim against him is based on two specific events - that Storlie allegedly slammed Plaintiff's body to the pavement, and that after being slammed to the ground, Storlie kicked and/or stomped on the back of Plaintiff's head. Storlie asserts that in his deposition, Plaintiff admitted that he wasn't slammed to the ground by any officer. (Regnier Aff., Ex. A (Wuchko Dep. at 51).) Plaintiff further admitted that he never saw the person that kicked him in the upper body and head. (Id. 54-57.)

5

The Court finds that Plaintiff has submitted sufficient evidence creating a genuine issue of material fact as to whether, under a totality of the circumstances, a reasonable officer at the scene of the arrest would find that Storlie used excessive force on the night in question. Plaintiff was originally stopped because the car he was driving had been reported stolen. Despite the fact that the stop was initiated by the report of a nonviolent offense, Storlie admitted in the police report that he kicked the Plaintiff in the upper chest and head because he thought Plaintiff would flee. (Swanson Decl., Ex. 11.) There is also evidence in the record that Plaintiff was compliant with all of the officers' commands, which suggests that kicking the Plaintiff was excessive under the circumstances. (Regnier Aff., Ex. A (Wuchko Dep. at 51.)

There is also sufficient evidence to raise a genuine issue of material fact that Storlie was the individual that caused Plaintiff injury. Plaintiff testified that he believed Storlie was the officer who told him he needed to get down faster and that kicked him, because Storlie was the officer that threw him over the car and frisked him. (Id. at 55.) Plaintiff further testified that while Storlie was cleaning Plaintiff's face, Storlie punched him in the face three times. (Id. at 63.) Under

these circumstances, a jury could find that Storlie was the individual that kicked the Plaintiff in the head and chest.

Plaintiff has also submitted evidence depicting his injuries, and that such evidence further sustains his claim that Storlie used excessive force against him. (Id. Exs. 8 and 9.) Accordingly,

IT IS HEREBY ORDERED that Defendant Charles Storlie's Motion for Summary Judgment [Doc. No. 14] is DENIED.

Date: January 27, 2011

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court